Good morning, Your Honors, Counsel, and may it please the Court. We ask this Court today to find that the trial court committed structural error when it ordered Ms. Denning to pay restitution to Ms. Denning. The restitution order was improper for three reasons. One, there was no evidence of lost wages presented at any stages of the proceedings. Two, Illinois law does not authorize restitution to the adult children's alleged losses because Ms. Denning's conduct did not proximately cause them. And three, the trial court failed to set forth the method and manner of payment and consider Ms. Denning's ability to pay as required by the Illinois restitution statute. Now, before I address the issues, I'd like to briefly address the State's forfeiture arguments. Although Ms. Denning didn't preserve her claims below, this Court may review them under the Plain Error Doctrine. Now, the State argues that Ms. Denning is barred from raising plain error for the first time in a reply brief, but that argument is contrary to Illinois precedent. As recently as 2010, in People v. Ramsey and People v. Williams' opinions out of the Illinois Supreme Court, the Court has held that criminal defendants may raise plain error for the first time in a reply brief. Therefore, we ask this Court to specifically reject the State's position regarding plain error. The State presents their argument in their brief, but ignores the established precedent in Ramsey and Williams, since it's well-set law. Moreover, in People v. Burge, a 2021 opinion out of the Illinois Supreme Court, the Court held that when a trial court orders restitution without determining actual losses, such as out-of-pocket expenses, and instead relies on arbitrary figures, that error affects the integrity of the judicial process and qualifies for second-prong plain error review. As the Illinois Supreme Court has said in Burge, second-prong plain error regarding restitution is more than a mistake instead of a fine. It's a failure to provide a fair process for determining restitution. Even if the error involved a relatively small amount of money, it still affects the integrity of the judicial process and the fairness of the proceeding if the amount is determined in an arbitrary or unreasonable manner. That is precisely what occurred here. Now first, the first issue, the restitution order was unsupported by any evidence. The error is clear in this case. The record contains no testimonial or documentary evidence establishing that the decedent's adult children incurred any lost wages. There was no restitution hearing, no receipts, no employer letters, no wage documentation of any kind presented in any of the judicial proceedings. Now the State and the trial court merely observed and accepted that the adult children, quote, took time out of their lives to attend the hearings. That observation is not evidence. As the Illinois Supreme Court has made it clear in Burge, restitution may not be based on speculation or conjecture. For all the record shows, the adult children may have been salaried employees, used paid time off to come to the hearings, they could have received disability benefits, or even attended hearings outside of work hours. Without evidence, the trial court had no factual basis to determine the actual losses. Illinois courts have repeatedly held that restitution orders entered without any evidentiary foundation are improper. Now we see in People v. Guardado, reversing restitution where the record lacked evidentiary support, and People v. Kirkman, where the appellate court also held that restitution was erroneous when the court lacked information necessary to calculate the amount required by statute. That is what Ms. Dunning received, rendering the trial court's restitution order structurally defective. If this court would uphold the restitution order, it would mean that any person can show up to any court hearings and simply claim to be owed restitution. Now second, Ms. Dunning didn't proximately cause the alleged losses. Under 730 ILCS 5-5-5-6B, restitution may be ordered only for losses proximately caused by the defendant's conduct. Restitution is improper for losses unrelated to the offense of conviction. Ms. Dunning was originally charged with consuming of a homicidal debt, but ultimately pled guilty to obstruction of justice. At no point did the State allege, let alone prove, that Ms. Dunning caused the deceit of debt. The State's suggestion that Ms. Dunning failed to call 9-1-1 is legally irrelevant, as she had no recognized duty to do so. The State in the brief cites no authority establishing this kind of duty. Ms. Dunning's case is just like the situation in People v. Otis, a 2024 unpublished opinion from out of the 4th District. There, the defendant was ordered to pay restitution for damage to a vehicle that resulted from conduct unrelated to the charged offense. The appellate court vacated the order, but the defendant's criminal conduct didn't cause or was related to damage to the vehicle. Likewise here, because Ms. Dunning's conduct didn't cause the decedent's debt, it can't be said to have caused the decedent's adultery or alleged lost wages. Again, upholding this restitution order would improperly expand restitution law to permit recovery by any family member who voluntarily attends court proceedings, and that outcome would be contrary to Illinois law. Now third, the trial court failed to set the method and manner of payment. Finally, the trial court committed additional structural error by failing to set the method and manner of payment as required by the Illinois restitution statute. The state concedes that the restitution orders located at Common Law Record pages 105-107 are silent as to whether payment is due in a lump sum or installments and contains no payment schedule. The state's assertion that a lump sum payment can be inferred is directly contrary to Illinois law. Now we see in People v. Hamilton, the court held that the statutory compliance is mandatory and that a restitution order is deficient if it fails to specify the method and manner of payment. If we look at the orders themselves, there is no information regarding method or manner of payment. There is no mention of a lump sum or installments. If I have the orders right here in front of me, Common Law Record page 105, this is from the Illinois State Police, due date 8-15-2024, Ms. Denny wasn't sentenced until December 16, 2024. And then, again, there's no mention of any lump sum payments, the time in which she was to pay the $2,000 or any of that sort. If we look at the financial sentencing order schedule, we see that she was allotted, she was charged $2,000 for restitution and this was filed on December 17, 2024, but yet again, there's no date in which the payment should be made. There's no time. There's no whether she needs to pay in lump sums or installments. It just says balance owed and then the date that she was sentenced. The state says that we can infer the trial court's intentions, but regarding this order, if our inference is not a substitution for compliance, the fact of the matter is that the trial court didn't comply with the restitution statute requiring remand. For these reasons, we respectfully ask this court to vacate the restitution orders because the decedent's adult children were not entitled to restitution or any alternative remand, for a proper restitution hearing consistent with Illinois law. Thank you. Was there a proffer at the sentencing hearing by the state? I wouldn't call the children were out $1,000 each for lost wages. Your Honor, the state characterizes that as a proffer, but I wouldn't call it a proffer. It was merely the prosecutor said that, well, they are owed $2,000 because they came to every hearing, but there was no testimony, no documentary evidence, nothing of the sorts that was ever presented to the trial court. The trial court basically observed that they came to every hearing and accepted the state's proposition. A proffer would have been more like submitting documentary evidence, pay stubs, letters from employers, disability benefits, but we had nothing of the sorts here, so I wouldn't call it a proffer, Your Honor. What about the order, as I recall, involving the case we have? I mean, the case is up, but my memory is that the order said she was sentenced to DOC, she was to pay the restitution within 30 days of release from DOC. 30 days, but yet the order is still noncompliant because we don't know whether she was to pay for it in lump sums or installments. Well, the lack of saying $100 a month and to pay it in full or something like that would seem to indicate a lump sum in 30 days. Does that not? Well, we can't, but what the Illinois statute requires is that that be specified in the orders. We can't leave it up to mere inference, Your Honor. Inference is not compliance. Thank you. Yes. Thank you. Have a nice reply. Are we ready? May it please the court, counsel, my name is Max Miller and I represent the people of the state of Illinois. I'd just like to briefly note for the record that this case was reassigned to me after the conclusion of briefing for the purpose of oral argument. That being said, the main thrust of the state's argument here is, of course, forfeiture. And the defendant made no objections at the sentencing hearing regarding restitution. And although it's mentioned in the post-trial motion, there's no challenge made to the method or manner or the issue the defendant now raises regarding defendant not contributing to Stephanie Harrell's death. And therefore, this matter was not able to be brought before the trial court. These issues weren't explored and the state was denied its opportunity to respond to them below. And upon reviewing the briefs, we did not see any claims of ineffective assistance of counsel. And so it's the state's position that there's no error here that the court can review. But it is not that the state doesn't argue that the trial court can't consider a post-court, excuse me, a plainer argument that's raised in the reply brief. Of course it can. What the state said in its brief was that it puts the state at a disadvantage because essentially we have to anticipate what they're going to argue beforehand. That being said, there's three primary issues that the defendant raises. First, that the restitution was not proper when the defendant's conduct did not cause the victim's death. And the state's response to this is just the defendant did not have to cause the victim's death to properly establish restitution. The statute states where a person receives any injury to his or her person or damage to his or her real or personal property as a result of the criminal act of the defendant. And further, it's well established that a defendant may be ordered to make restitution if the losses sustained were caused by the same criminal conduct. That's the key language here of the defendant is that which he was convicted. The court may order restitution for losses incurred by the same victim as the result of the same criminal conduct, even if the losses were not set forth in the charging instrument. And defendant's conduct here caused the injury and damage to the victim for purposes of restitution. The defendant, upon seeing an overdosed woman, did not call 911 so she could receive aid and possibly be resuscitated. Instead, she carried her away, exacerbating the harm that the victim suffered as a result of the overdose. And these actions are part and parcel of the criminal conduct involved in the concealment charge. If the victim was suffering an overdose, emergency assistance, not concealment of the situation was required. Instead, defendant kept her away from receiving the help, left her half naked in a car, and so the trial court didn't come in the air in rewarding restitution where the defendant's conduct caused the injury and damages at issue. And defendant makes a point to highlight, you know, she wasn't charged with murder or drug-induced homicide, but as the State cites in this brief, if the legislator had intended it to be limited only to the charges, it would have used the term same charges. Instead, the language we have is same criminal conduct. And because this criminal conduct caused the injury and damage, the restitution was properly ordered. Now, regarding the amount of $2,000, the defendant says, well, where did this number come from? Well, the people proffered it. They proffered it in lieu of the evidence. The defendant had the opportunity at that proffer to object to the proffer, to object to the trial court's order afterwards of the $2,000. It didn't do so. It elected not to do that. And so the trial court accepted the State's proffer for lost wages. And that went unchallenged until now. And so there's nothing that says that any error, any perceived error that would have taken place here is so egregious in this $2,000 that it would have affected the whether or not this was a fair sentencing hearing. And so the State believes that without this error, there's no plain error. Therefore, forfeiture stands. Counsel, in this case, there was a $2,000 cash bond posted. Coincidentally, that's the amount of restitution the trial court ordered. But the trial court did not specifically say restitution to be paid from the bond, did they? They just said to be paid upon 30 days from release. Yes, Your Honor. And so that is part of the State's argument that, of course, this was knowledge that the trial court had before when it considered the restitution, the defendant's ability to pay that restitution was that. But they did not specifically, the trial court did not specifically say bond to be used, applied to restitution before cost or anything else, correct? Yes, I believe that's correct, Your Honor. But it does move into this third issue, so this idea of the schedule of payment. And the State does, you know, the trial court here does not have an explicit schedule of payment, but it does cite to a Supreme Court case. Excuse me, I believe it is. Boots? Boots, yes. Thank you, Your Honor. Boots. Ring the bell. And so, you know, this can be inferred. How do we know it's inferred? It's 30 days. It's $2,000. The order lists that $2,000 has to be paid in restitution and says that it must be completed within the 30 days. And so, of course, if you look at a case like People v. Hoffman, it says we're talking about a period of greater than six months. You know, the trial court is required to provide the schedule of payment. But it's 30 days that this has to be paid. And so it is the State's position that, you know, this court can infer that it was supposed to be paid in a lump sum. It was there, therefore, there's no error in it doing that. And because there was no error, the State believes the defendant, especially in lieu of the fact that there are no claims of ineffective assistance of counsel here, can't avail himself of a plaintiff review, and these arguments are forfeited. Obviously, counsel, you didn't write this brief, so you may not have the answer. But obviously, and I'll be honest, as Justice Vaughn said, we have so many cases sometimes it's difficult to do a deep dive into these cases. But when you say there's a difference between someone who maybe sits to a probation order versus someone who's going to DOC for 10, 15, 20 years, and the ability to pay or for the trial court to make a finding at that time that this restitution or these fines are going to be paid within X amount of time. I mean, if the person's on probation, they may have a job, whatnot. So I don't know if you know if any of these cases involved, I'm assuming they were all DOC versus probation, but I don't know. I don't know if you have any idea. Your Honor, I can't answer that at this time, but I'd be happy to provide any supplemental briefing on that if you require it, when you make your determination. I'll let whoever's going to write this decision between the three of us do that deep dive. You don't have to. I just asked a question. Are there any other questions? Then the State will obviously rely on its brief and respectfully request that this Court affirm. Thank you. Thank you. Just a few things that I'd like to respond to. Again, the States just came up here and said that their main part of their argument is the forfeit argument. But, again, it's a well-settled law. As recent as 2010 that the Illinois Supreme Court said that criminal defendants can raise plain error for the first time in the reply briefs. The State has had multiple times to respond. They did it in their opening. They responded to plain error. They anticipated our move. And then they were able to respond here. So I failed to see where they were disadvantaged in trying to argue about plain error. Again, States have no legal authority from the Illinois Supreme Court saying that criminal defendants aren't allowed to raise plain error for the first time in the reply brief. Let's get past the argument. I mean, I believe the cases are coming out that you can raise it in a reply. I don't disagree with that. I think, and I'm not putting words in Mr. Murth's mouth, but it seems like their main crux of the argument was this doesn't rise to the level of second prong to, you know, to send it back for a remand, so to speak. Well, if we take a look at the case we cited in our briefs, the People v. Birch 2021 case out of the Illinois Supreme Court, they ruled that when a trial court fails to determine the proper amount of restitution based on factors such as actual out-of-pocket expenses, losses, and damages, and instead makes a ruling to be arbitrary when its failure affects, that failure affects the integrity of the judicial process appropriate for second prong plain error review. The Illinois Supreme Court held that it's more than just a simple mistake in setting a fine. It's a failure to provide a fair process for determining the fine. If we look at the proceedings down below, we don't know where the state pulled out $2,000, that amount. It just, it's almost like it came out of thin air. The prosecutor in this case said, you know, the adult, the decedent's adult children were here every hearing, and therefore they're entitled to at least $1,000 each. But again, there was no testimony of, let's say from the adult children, okay, I missed one week of work, that's $1,000. There was no testimony about that. There was no document, documents, pay stubs. They could have been taken time off. They could have received disability benefits. There was a plethora of things, but the fact that if we look at what happened here is that the state said they were owed $2,000. The trial court accepted it by basically saying, yeah, you know, I saw them at every hearing. Therefore, yeah, they're entitled to $2,000. That is what, that failure did not, that failure affected the process in Ms. Deming's restitution hearing, and it wasn't fair because they just pulled it out of thin air. There needs to be an exact calculation for these losses, and that is what the statute requires in this case. And for those reasons, we ask this court to vacate the trial court's restitution orders or, in the alternative, remand for a proper restitution hearing. Any other questions? I do not. No. Okay. All right, thank you very much. We'll take the matter into consideration and get you a ruling in due course. Thank you. Thank you.